Dionne E. Choyce, Esq. – SBN 215837
*CHOYCE LAW FIRM*
711 Jefferson Street, Suite 204
Fairfield, CA 94533
707.422.1202 **PHONE**
707.422.1292 **FAX**
d.choyce@sbcglobal.net

Attorney for Plaintiff:
RICHARD COWARD

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD COWARD, an individual<br><br>            Plaintiff,<br><br>     vs.<br><br>CITY OF VACAVILLE, a municipal corporation; FRANK PIRO, individually in his capacity as an officer for the Vacaville Police Department; and Does 1-50, inclusive, individually, jointly and severally<br><br>            Defendants. | Case No.<br><br>COMPLAINT FOR DAMAGES<br>(42 U.S.C §§ 1983, 1988; and pendent tort claims)<br><br>**JURY TRIAL DEMANDED** |

**INTRODUCTION**

1. This is an action for damages brought pursuant to Title 42 U.S.C §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution, under California Civil Code Section 52.1, and under the common law of California. This action is against the City of Vacaville, Officer Frank Piro of the Vacaville Police Department, and DOES 1-50.

COMPLAINT FOR DAMAGES
1

2. It is also alleged that these violations and torts were committed during the course and scope of the above mentioned officer's employment with the Vacaville Police Department.

## JURISDICTION AND VENUE

3. This action arises under Title 42 of the United States Code, Section 1983. Jurisdiction is conferred upon this Court by Title 42 of the United States Code, Sections 1331 and 1343. The unlawful acts and practices alleged herein occurred in the City of Vacaville, California which is within the jurisdictional boundaries of this court. The damages sought are within the jurisdictional limits of this Court.

## THE PARTIES

4. RICHARD COWARD ("Plaintiff"), has been and is a resident of the state of California and is a United States Citizen.

5. Defendant Officer FRANK PIRO ("Defendant Piro") is sued in his individual capacity and in his capacity as an officer for the City of Vacaville Police Department.

6. Defendant CITY OF VACAVILLE ("City") is and at all times mentioned herein, a municipal entity, duly organized and existing under the laws of the State of California. Under its authority, the City operates the Vacaville Police Department.

7. Plaintiff is ignorant of the true names and capacities of Defendants DOES 1 through 50, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each defendant so named is responsible in some manner for the injuries and damages sustained by Plaintiff as set forth herein. Plaintiff will amend this complaint to state the names and capacities of DOES 1-50, inclusive, when they have been ascertained.

## ADMINISTRATIVE PREREQUISITES

8. Plaintiff is required to comply with an administrative tort claim requirement under California law. Plaintiff has exhausted all administrative remedies pursuant to California Government Code Section 910. Plaintiff filed an administrative claim with the City of Vacaville

on Monday, January 23, 2017. On March 10, 2017, Plaintiff received notice that the City of Vacaville rejected his claim.

## FACTUAL ALLEGATIONS

9. On July 22, 2016, at approximately 10:00 PM, Plaintiff was in his home in the city of Vacaville when Defendants surrounded Plaintiff's home upon receiving a report of a domestic violence incident in progress.

10. Plaintiff was ordered by Defendants to come out of his home with his hands raised.

11. Plaintiff exited the front door of his home unarmed, with his hands up.

12. Plaintiff complied with Defendants directives to surrender himself when, without provocation, Officer Frank Piro needlessly released his K-9, Roscoe, to apprehend Plaintiff.

13. The K-9 officer engaged Plaintiff and bit into Plaintiff's left knee.

14. Defendant Piro then watched as the K9 officer violently and needlessly continued to viciously bite and tug Plaintiff's left leg in multiple directions.

15. Plaintiff alleges that only an unreasonable officer would release a K9 officer and allow it to viciously bite an unarmed and defenseless man in the manner and under the circumstances the Defendant officers did, that Plaintiff never presented any threat to anyone that could justify the amount of force that the Defendant officers used, and that the Defendant officers had a clear opportunity to evaluate the situation and determine that Plaintiff was unarmed and did not pose any threat of harm.

16. As a result of the incident, Plaintiff suffered deep puncture wounds and nerve damage to his left leg. Plaintiff also suffered severe emotional distress.

17. The actions and omissions of the City and the Defendant Vacaville Police Department Officers was objectively unreasonable under the circumstances, without legal justification or other legal right, done under color of law, within the course and scope of their employment as law enforcement officers and/or public officials, and pursuant to unconstitutional customs, policies and procedures of the City and/or other jurisdictions.  The City was also responsible for Plaintiffs' injuries through its own acts and omissions, negligent and otherwise,

by failing to properly and adequately investigate, train, supervise, monitor, instruct, and discipline its law enforcement officers and/or employees and agents, including the officers and officials described herein.

## DAMAGES

18. As a consequence of Defendants' violations of Plaintiff's federal civil rights under 42 U.S.C. §1983 and the Fourteenth Amendment, Plaintiff was physically, mentally, emotionally, and financially injured and damaged as a proximate result of Defendants' wrongful conduct.

19. Plaintiff found it necessary to engage the services of private counsel to vindicate his rights under the law. Plaintiff is therefore entitled to an award of attorneys' fees and/or costs pursuant to statute(s) in the event that he is the prevailing parties in this action under 42 U.S.C. §§§§ 1983, 1985-86 and 1988. Plaintiff is also entitled to punitive damages under 42 U.S.C. §§§§ 1983, 1985-86 and 1988.

### FIRST CAUSE OF ACTION
**(Violation of the Fourth Amendment of the United States Constitution-Unlawful Seizure)**
**(42 U.S.C. § 1983)**
**(Against Defendants Piro and DOES 1-25)**

20. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 19 of this Complaint.

21. Defendants' above-described conduct violated Plaintiff's right as provided for under the Fourth Amendment to the United States Constitution to be free from unreasonable searches and seizures because Defendants' lacked the requisite probable cause to arrest Plaintiff.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### SECOND CAUSE OF ACTION
**(Violation of the Fourth Amendment of the United States Constitution-Excessive Force)**
**(42 U.S.C. § 1983)**
**(Against Defendants Piro and DOES 1-25)**

22. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 21 of this Complaint.

23. Defendants' above-described conduct constituted violations of Plaintiff's rights as provided for under the Fourth Amendment to the United States Constitution. These rights include but are not limited to the right to be free from excessive force and/or the arbitrary and/or unreasonable use of force against him.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## THIRD CAUSE OF ACTION
(*Monell* - 42 U.S.C. Section 1983)
(Against Defendants City and DOES 26-50)

24. Plaintiff re-alleges and incorporates by reference herein paragraphs 1 through 23 of this Complaint.

25. As against Defendants City, and/or DOES 26-50 and/or each of them, individually and/or in their capacities as official policy-maker(s) for City, including the District Attorney's Office. Plaintiff further alleges that the acts and/or omissions alleged in the Complaint herein are indicative and representative of a repeated course of conduct by members of Defendant City tantamount to a custom, policy or repeated practice of condoning and tacitly encouraging the abuse of police authority, and disregard for the constitutional rights of citizens such as Plaintiff.

26. Plaintiff is informed and believes and thereon alleges that the acts and/or omissions alleged herein are the proximate result of a custom, policy, pattern or practice of deliberate indifference by Defendants City, Piro, DOES 1-25 and/or each of them, to the repeated violations of the constitutional rights of citizens by Vacaville Police Department officers, which have included, but are not limited to, repeated acts of: making false reports, providing false and/or misleading information in causing detentions, arrests, imprisonments and/or malicious prosecutions based on fabricated and/or misleading statements and/or engaging in similar acts of misconduct on a repeated basis and failure to institute and enforce a consistent disciplinary policy and/or early warning system.

27. Plaintiff is informed and believes and thereon alleges that the acts and/or omissions alleged herein are the proximate result of a custom, policy, pattern or practice of

deliberate indifference by Defendants City, Piro, DOES 26-50 and/or each of them, to the repeated violations of the constitutional rights of citizens by the Vacaville Police Department.

28. Plaintiff is further informed and believes and thereon alleges that the damages sustained as alleged herein were the proximate result of customs, policies and/or practices which included, but were not limited to, the failure to adequately or appropriately hold officers accountable for their misconduct, the failure to properly train and fairly investigate complaints about officers' misconduct, the failure to enact or adopt policies to ensure adequate and/or appropriate oversight of officers to prevent continuing violations of the rights of citizens.

29. The aforementioned deliberate indifference, customs, policies or practices of Defendants City, Piro, DOES 1-25, and/or each of them, resulted in the deprivation of the constitutional rights of Plaintiff, including, but not limited to, the right to be free from unreasonable searches and/or seizures.

30. As a result of the violation of their constitutional rights by Defendants City, Piro, and/or DOES 1-25 and/or each of them, Plaintiff sustained the injuries and/or damages as alleged heretofore in this Complaint.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**FOURTH CAUSE OF ACTION**
**(Violation of CALIFORNIA CIVIL CODE §52.1)**
**(Against Defendants Piro and DOES 1-25)**

31. Plaintiff re-alleges and incorporates by reference herein paragraphs 1 through 30 of this Complaint.

32. Defendants' above-described conduct constituted interference, and attempted interference, by threats, intimidation and coercion, with the Plaintiff's peaceable exercise and enjoyment of rights secured by the Constitution and laws of the United States and the State of California, in violation of California Civil Code §52.1.

33. As a direct and proximate result of Defendant's violation of Civil Code § 52.1, Plaintiff suffered violations of his constitutional rights, and suffered damages as set forth herein.

34. Plaintiff is entitled to injunctive relief and an award of his reasonable attorney's fees pursuant to Civil Code § 52.1(h).

35.     Plaintiff is entitled to treble damages, but in no case less than $4,000.00 and an award of his reasonable attorney's fees pursuant to Civil Code § 52(a).

36.     Under the provisions of California Civil Code §52(b), Defendant is liable for punitive damages for each violation of Civil Code §52.1, reasonable attorney's fees and an additional $25,000.00.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### FIFTH CAUSE OF ACTION
**(Negligence)**
**(Against Defendants Piro and DOES 1-50)**

37.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 36 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

38.     The present action is brought pursuant to section 820 and 815.2 of the California Government Code. Pursuant to section 820 of the California Government Code, as public employees, Defendants DOES 1-25 are liable for injuries caused by their acts or omissions to the same extent as a private person. At all times mentioned herein, Defendants DOES 1-25 were acting within the course and scope of their employment and/or agency with Defendant City. As such Defendant City is liable in Respondeat Superior for the injuries caused by the acts and omissions of Defendants DOES 1-25 pursuant to section 815.2 of the California Government Code.

39.     Defendants negligently and without due care released a K9 officer on Plaintiff without legal justification. Plaintiff was seriously injured as a proximate and direct cause of the Defendants' negligent conduct.

40.     The violent and needless mauling of Plaintiff occurred as a result of the absence of due care for the safety of others and constituted an unreasonable, unwarranted, and excessive use of force and manifested an unreasonable risk of injury to Plaintiff.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## SIXTH CAUSE OF ACTION
### (Battery)
### (Against Defendants Piro and DOES 1-25)

41. Plaintiff re-alleges and incorporates by reference herein paragraphs 1 through 40 of this Complaint.

42. Defendants' intentionally released a K9 officer on Plaintiff without any just provocation or cause. Defendants' conduct was neither privileged nor justified under state statute or common law.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## SEVENTH CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress)
### (Against Defendants Piro and DOES 1-25)

43. Plaintiff re-alleges and incorporates by reference herein paragraphs 1 through 42 of this Complaint.

44. Defendants' above-described conduct was extreme, unreasonable and outrageous. Defendants' needlessly released a K9 officer on Plaintiff while he was unarmed and defenseless. Further Defendants' failed to timely disengage the K9 officer from Plaintiff.

45. In engaging in the above-described conduct, Defendants intentionally ignored or recklessly disregarded the foreseeable risk that Plaintiff would suffer extreme emotional distress as a result of Defendants' conduct.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## EIGHTH CAUSE OF ACTION
### (Negligent Infliction of Emotional Distress)
### (Against Defendants Piro and DOES 1-25)

46. COWARD re-alleges and incorporates by reference paragraphs 1 through 45 of this Complaint.

47. Defendants engaged in a course of conduct that was grossly negligent, extreme, and outrages. Defendants engaged in the course of conduct with wanton and reckless disregard of the consequences or harm or injury that might result to Plaintiff.

COMPLAINT FOR DAMAGES

8

48. Defendants, despite knowledge and adequate opportunity to learn of the misconduct of their agents and employees, adopted, approved, and ratified the acts, omissions, and misconduct of their agents and employees.

49. As a direct ad legal result of the acts and omissions of Defendants, Plaintiff incurred severe and grievous mental and emotional suffering, fright, anguish, shock, nervousness, and anxiety. Plaintiff continues to be fearful, anxious, and nervous.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## JURY DEMAND

50.  Plaintiff hereby demands a jury trial in this action.

## PRAYER

WHEREFORE, Plaintiff prays for relief, as follows:

1. For general damages in a sum according to proof;
2. For special damages in a sum according to proof;
3. For punitive damages in a sum according to proof;
4. For reasonable attorney's fees pursuant to 42 U.S.C. Section 1988;
5. For cost of suit herein incurred; and
6. For such other and further relief as the Court deems just and proper.

**CHOYCE LAW FIRM**

Dated:  September 1, 2017

   /s/ Dionne E. Choyce
Dionne E. Choyce Esq.,
Attorney for Plaintiff

COMPLAINT FOR DAMAGES

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

COMPLAINT FOR DAMAGES